IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.,

    Plaintiff,

v.                                       Civil Action No. 5:07CV137
                                                (STAMP)

MONICA L. HUNTER as Executrix of
the ESTATE OF TINA FLUHARTY, deceased,
NATHAN FLUHARTY, Executor of the
ESTATE OF JAMES FLUHARTY, deceased,
NATHAN FLUHARTY, individually,
WILLIAM BERNARDINI, JUDY BERNARDINI,
JOE SECKMAN, JOANN SECKMAN,
BLAINE HENDERSON and JOHN DOES,
children of JAMES FLUHARTY and/or
siblings and children of TINA FLUHARTY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS AND
DISMISSING COMPLAINT WITHOUT PREJUDICE
FOR LACK OF SUBJECT MATTER JURISDICTION**

I.  Facts and Procedural History

The plaintiff, Nationwide Property and Casualty Insurance Company ("Nationwide"), brings a declaratory judgment action against various defendants pursuant to 28 U.S.C. § 1331[1] on grounds that diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.[2] Defendants William

---

[1] The plaintiff also incorrectly invokes jurisdiction pursuant to 28 U.S.C. § 1332. However, the complaint does not state any claims under federal law.

[2] The parties do not dispute that the amount in controversy meets the jurisdictional requirements. Accordingly, this Court finds does not address that issue at this time.

Bernardini and Judy Bernardini ("the Bernardini defendants") filed a motion to dismiss, which was joined by defendants Nathan Fluharty, Executor of the Estate of James Fluharty, deceased, and Nathan Fluharty ("the Fluharty defendants"). The plaintiff timely responded in opposition. Subsequently, the defendants, without leave, filed a reply out of time. The plaintiff then filed a sur-reply, also without leave. This matter is now ripe for disposition.

A complete recitation of the facts is not necessary for the resolution of the pending motion. However, the following facts are relevant to the issues raised in the motion. The plaintiff alleges that it issued a homeowner's insurance policy for the residence of Tina Fluharty, who is now deceased. The plaintiff asks this Court to issue a declaratory judgment and determination that the subject insurance policy provides no benefits, coverage, or duty to defend or indemnify against any claims asserted against James Fluharty, who is also deceased, and/or the Estate of James Fluharty, Nathan Fluharty, Executor.

Invoking this Court's diversity jurisdiction, the plaintiff's complaint states that the plaintiff is an Ohio corporation, with its place of incorporation and principal place of business in Ohio. However, the complaint does not allege the state of citizenship for any defendant, nor does the complaint allege that complete diversity exists between it and each defendant.

The motion to dismiss by the Bernardini defendants, which was joined by the Fluharty defendants, asks this Court to decline to exercise jurisdiction in the interest of efficiency and comity, pursuant to <u>Mitcheson v. Harris</u>, 955 F.2d 235 (4th Cir. 1992), because the issues the plaintiff seeks to resolve in this action are already pending in the Circuit Court of Brooke County, West Virginia. Alternatively, the motion urges dismissal for lack of subject matter jurisdiction.

In response, the plaintiff alleges that this Court should exercise jurisdiction because the factors under <u>Mitcheson</u> weigh in favor of federal jurisdiction. The plaintiff further contends that all of the defendants are residents and citizens of Ohio, except for defendant Blane Henderson, who the plaintiff alleges is a citizen of Pennsylvania. Therefore, according to the plaintiff, the diversity of citizenship required to invoke federal jurisdiction is present in this action.

After considering the parties' pleadings, including those filed without leave, and the relevant law, this Court concludes that the motion by the Bernardini defendants must be granted and this case must be dismissed for lack of subject matter jurisdiction. Because this Court dismisses this action on jurisdictional grounds, it will decline to address the merits of the complaint or the substantive issues raised in the defendants' motion dismiss and related pleadings.

## II. Applicable Law

A predicate question federal courts should answer before assessing the substantive allegations in a complaint is whether the plaintiff has alleged sufficient jurisdictional facts to actuate the court's subject matter jurisdiction. See Ruhrgas Ag. v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). District courts have original jurisdiction in all civil actions when a matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332. The burden of establishing federal jurisdiction rests upon the party invoking it. Mulcahey v. Columbia Organic Chems., Inc., 29 F.3d 148, 151 (4th Cir. 1994).

In a diversity action in which a party challenges the allegations of jurisdictional facts, the party seeking the federal forum has the burden of supporting its allegations with competent proof. Thomson v. Gaskill, 315 U.S. 442 (1942). Proof that the parties are citizens of different states must be shown by a preponderance of the evidence. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). A district court may properly consider evidence outside the pleadings to determine whether subject matter jurisdiction exists. Adler v. Federal Republic of Nigeria, 107

4

F.3d 720 (9th Cir. 1997). When considering a motion to dismiss for lack of subject matter jurisdiction, a court must make all reasonable factual inferences in favor of the party seeking the federal forum. See Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969); MacKethan v. Peat, Marwick, Mitchell & Co., 439 F. Supp. 1090, 1094 (E.D. Va. 1977).

### III. Discussion

#### A. Motion to Dismiss

The defendants argue that this action must be dismissed for lack of subject matter jurisdiction because the complaint has failed to make adequate factual allegations regarding each defendant's residency[3] to establish the diversity jurisdiction of this Court. The plaintiff maintains that it has made sufficient averments to establish diversity of citizenship. Included in the plaintiff's response to the defendants' motion to dismiss are allegations that all of the defendants are residents and citizens of Ohio, except for defendant Blane Henderson, whom the plaintiff alleges is a citizen of Pennsylvania, and, therefore, the diversity of citizenship requirement to invoke federal jurisdiction has been met.

---

[3]The defendants incorrectly suggest that the plaintiff must establish each defendant's residency as diverse from the plaintiff's to invoke federal jurisdiction. The proper subject for which diversity must be established is citizenship, which, as discussed below, is distinct from residency.

The defendants' reply argues that the plaintiff has failed to meet its burden of proving complete diversity. In their view, because the plaintiff's complaint merely alleges the existence of federal jurisdiction and does not allege the defendants' citizenship, subsequent allegations in a responsive pleading, without more, do not meet the burden imposed upon the plaintiff to prove diversity of citizenship.

In a sur-reply, the plaintiff states that it has alleged sufficient facts to establish complete diversity of citizenship in this action. To support its assertion that diverse citizenship is present in this action, the plaintiff attaches to its sur-reply the returns of service for each defendant.

A party's citizenship for diversity purposes is the state in which the party is domiciled. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) ("In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State."). Domicile is the place a person resides with the intention to remain there or the place where a person has previously resided with the intention of returning. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). The state where a person resides is not necessarily that person's domicile. Id. Thus, a person may reside in a state without being a citizen of that state for diversity purposes. Id. Accordingly, diversity

6

of citizenship cannot be inferred from allegations of mere residence, standing alone. <u>Axel Johnson, Inc. v. Carroll Carolina Oil Co.</u>, 145 F.3d 660, 663 (4th Cir. 1998).

Here, this Court finds that the plaintiff has not properly alleged diversity of citizenship and that even if the plaintiff has properly alleged diversity of citizenship, it has failed to meet its burden of proving it. The plaintiff's complaint contains no allegations of citizenship. At most, the plaintiff claims that it issued a insurance policy on a property that it alleges was the residence of Tina Fluharty, an individual whose estate is named as a defendant in this action.

Once the defendants raised a jurisdictional challenge on the basis that the plaintiff had failed to allege diversity of citizenship, the plaintiff became obligated to present evidence in support of its assertion. This it attempted to do by filing copies of return service for the defendants, which indicated that the return service for defendants Joe Seckman, Joann Seckman, Judy Bernardini, and William Bernardini were made in West Virginia and that the return service for defendant Blane Henderson was made in Pennsylvania. The return service did not contain a city, state, or zip code for defendant Monica L. Hunter, as Executrix of the Estate of Tina Fluharty, deceased. The plaintiff offered no copy of return service, or any other evidence, purporting to establish the citizenship of defendant Nathan Fluharty, who is named in this

action individually and as Executor of the Estate of James Fluharty.

In light of the requirement that when diversity of citizenship is challenged the plaintiff must provide competent proof by a preponderance of evidence of the domicile for each defendant, this Court finds that the plaintiff has not met its burden. Here, making all factual inferences in favor of the plaintiff, as the non-moving party, this Court cannot conclude that effecting service upon a defendant within a particular state constitutes competent proof by a preponderance of evidence that such defendant is a citizen of that state. Additionally, the plaintiff has presented no evidence concerning the citizenship of defendant Nathan Fluharty. The plaintiff has failed to show that diversity of citizenship exists between it and all of the defendants. Accordingly, this Court lacks subject matter jurisdiction and must therefore grant the defendants' motion to dismiss.

B.  Complaint for Declaratory Judgment

Because the plaintiff has failed to show complete diversity of citizenship, this Court lacks jurisdiction to hear this case and therefore declines to address any of the issues raised in the motion to dismiss concerning the merits of the plaintiff's complaint for declaratory judgment. Further, lack of subject matter jurisdiction means that this Court must dismiss the complaint and will do so without prejudice.

## IV. Conclusion

For the reasons stated herein, the motion to dismiss submitted by defendants William Bernardini and Judy Bernardini and joined by defendants Nathan Fluharty, Executor of the Estate of James Fluharty, deceased, and Nathan Fluharty, is hereby GRANTED. Therefore, it is ORDERED that this civil action be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 26, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE