IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATIONWIDE PROPERTY &
CASUALTY INSURANCE CO.,

  Plaintiff,

v.              Civil Action No. 5:07CV137
                     (STAMP)
MONICA L. HUNTER as Executrix of
the ESTATE OF TINA FLUHARTY, deceased,
NATHAN FLUHARTY, Executor of the
ESTATE OF JAMES FLUHARTY, deceased,
NATHAN FLUHARTY, individually,
WILLIAM BERNARDINI, JUDY BERNARDINI,
JOE SECKMAN, JOANN SECKMAN,
BLAINE HENDERSON and JOHN DOES,
children of JAMES FLUHARTY and/or
siblings and children of TINA FLUHARTY,

  Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR
VOLUNTARY DISMISSAL WITHOUT PREJUDICE
AND DENYING AS MOOT
DEFENDANTS' MOTION FOR RECONSIDERATION**

I. Procedural History

On September 26, 2008, this Court dismissed the plaintiff's complaint without prejudice for failure to establish diversity of citizenship. Thereafter, the plaintiff filed a motion for reconsideration, to which the defendants filed a response. While that motion was pending, the plaintiff filed a motion for voluntary dismissal of this action in which the plaintiff informs this Court that the parties have reached a settlement. The plaintiff specifically requests that dismissal be without prejudice so that

it can protect its interests in the event of non-compliance with the terms of the settlement or if other claims are brought. The defendants did not file any response. For the reasons that follow, the motion for voluntary dismissal without prejudice will be granted, and the motion for reconsideration will be denied as moot.

## II. Facts

The plaintiff, Nationwide Property and Casualty Insurance Company ("Nationwide"), brought a declaratory judgment action against various defendants pursuant to 28 U.S.C. § 1331[1] on grounds that diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.[2] On September 26, 2008, this Court dismissed this action without prejudice for lack of subject matter jurisdiction because the plaintiff had failed to establish diversity of citizenship. The plaintiff then filed a motion under Federal Rule of Civil Procedure 59(e) requesting reconsideration of this Court's memorandum opinion and order dismissing the case for failure to establish diversity of citizenship. In its motion for reconsideration, the plaintiff argues that dismissal of this case would result in manifest injustice because the plaintiff would be deprived of the

---

[1]The plaintiff also incorrectly invokes jurisdiction pursuant to 28 U.S.C. § 1332. However, the complaint does not state any claims under federal law.

[2]The parties do not dispute that the amount in controversy meets the jurisdictional requirements. Accordingly, this Court finds does not address that issue at this time.

2

opportunity to receive judicial clarification and resolution of the legal relations in dispute in this action. The defendants responded in opposition. In the defendants' view, no manifest injustice will result because a pending declaratory judgment action in state court involving the same insurance policy at issue in this case would resolve the legal issues the plaintiff identified in its motion for reconsideration. The plaintiff did not file any reply.

While that motion was pending, the parties reached an agreement settling all of the claims that were previously at issue in this declaratory judgment action. As a result of that settlement agreement, the plaintiff filed a motion for voluntary dismissal of the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).[3] The defendants did not file any response.

Because this Court previously dismissed this action on jurisdictional grounds, it normally would not have jurisdiction to entertain the plaintiff's motion for voluntary dismissal without prejudice. However, the plaintiff's Rule 59(e) motion for reconsideration properly falls within the jurisdiction of this Court. Accordingly, to the extent the plaintiff's motion for voluntary dismissal affects this Court's determination of the

---

[3]The plaintiff erroneously cited and quoted from West Virginia Rule of Civil Procedure 41(a)(2). However, the relief sought by the plaintiff clearly comes within the ambit of the parallel rule under the Federal Rules of Civil Procedure.

3

plaintiff's motion for reconsideration, this Court would appear to have jurisdiction to consider the motion for voluntary dismissal. Therefore, this Court will first address the plaintiff's Rule 41(a)(2) motion.

### III. Applicable Law

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part, that, except for circumstances inapplicable to this case,

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). The purpose of Rule 41(a)(2) is to permit plaintiff to dismiss its claims voluntarily unless doing so unfairly prejudices the parties. See Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). In service of this purpose, Rule 41(a)(2) imposes two constraints. First, it requires a plaintiff to obtain a court order to dismiss the case. Id. Second, it authorizes the district court to set conditions on voluntary dismissal to eliminate any prejudice to a party which may otherwise result from dismissal without prejudice. Id. "In considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant." Id.

However, where a court's subject matter jurisdiction is in doubt, "'it is inappropriate to engage in the balancing process

required by Rule 41(a)(2); dismissal is required and there is simply no discretion to be exercised.'" Shortt v. Richlands Mall Associates, 1990 WL 207354 (4th Cir. 1990)(unpublished)(quoting In re Federal Election Campaign Act Litigation, 474 F. Supp. 1051 (D.D.C. 1979)).

## IV. Discussion

A. Jurisdiction

In this action, at the time the plaintiff filed its motion for voluntary dismissal without prejudice, the Court had already dismissed the complaint without prejudice for lack of subject matter jurisdiction based upon the plaintiff's failure to establish diversity jurisdiction. Thus, at first glance, it would appear that this Court does not have jurisdiction to weigh the potential prejudice to the defendants in ruling on the motion for voluntary dismissal. However, the plaintiff's motion for reconsideration, timely filed, does properly fall within this Court's jurisdiction, which is presumably why the plaintiff believed it needed to file a motion for voluntary dismissal of a case that had already been dismissed without prejudice. Therefore, to the extent that the Court's jurisdiction, by virtue of the motion for reconsideration, encompasses the motion for voluntary dismissal, this Court considers the potential prejudice to the parties.

B. Motion for Voluntary Dismissal

Based upon the procedural history of this case after it was dismissed, the Court concludes that the parties will not be prejudiced by granting the plaintiff's motion for voluntary dismissal. The only intervening events between the entry of the order dismissing this action without prejudice and the plaintiff's motion for voluntary dismissal were the plaintiff's motion for reconsideration and the parties' settlement. Under these circumstances, and given that the defendants have not responded in opposition to the plaintiff's motion for voluntary dismissal, the Court finds no prejudice to any party in granting that motion.

B.  Motion for Reconsideration

In light of the Court's ruling granting the plaintiff's motion for voluntary dismissal, the plaintiff's motion for reconsideration is moot and will be denied.

V. Conclusion

For the reasons stated herein, the plaintiff's motion for voluntary dismissal without prejudice is GRANTED, and the plaintiff's motion for reconsideration is DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:     June 29, 2009

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE